UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

```
*****************************************
                                        *
Carrie Grube                            *
        Plaintiff                       *
                                        *
v.                                      *        Civil Action No. 1:16-CV-126-LM
                                        *
Amazon.com, Inc.                        *
Synchrony Bank                          *
        Defendants                      *
                                        *
*****************************************
```

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, Carrie Grube, by and through her attorneys, Harman Law Offices, submit this Memorandum of Law in Support of her Motion for Partial Summary Judgment on liability issue of Counts I of Plaintiff's Complaint pursuant to 15 U.S.C. § 1643.

## INTRODUCTION

Plaintiff brings a motion for partial summary judgment as to liability only on the issue of violation of 15 U.S.C. § 1643 against Synchrony Bank. As detailed below, Plaintiff did not authorize the disputed charges and Synchrony Bank wrongfully refused to remove the charges from the Plaintiff's account. Plaintiff submits and incorporates herein Affidavit of Carrie Grube, dated May 1, 2017.

## UNDISPUTED MATERIAL FACTS

In the fall of 2014, Plaintiff purchased an Amazon Kindle Fire devise ("Kindle") for each of her two minor children. (Affidavit of Carrie Grube, ¶ 3). At that time, in the fall of 2014,

Plaintiff's children were 5 and 9 years old. (Aff. Grube, ¶ 4). Plaintiff registered both Kindles

with her Amazon account which had, at that time, her Amazon.com Store Card associated with it.

(Aff. Grube, ¶ 5).  Plaintiff was the only authorized user of the Amazon.com Store Card and she

did not authorize anyone else to use the card. (Aff. Grube, ¶ 6). Plaintiff created a password for

each separate Kindle at that time. (Aff. Grube, ¶ 7).  She did not share the Kindle password with

her children, her husband, or anyone else. (Aff. Grube, ¶ 8).  Plaintiff did not authorize her

children or anyone else to make purchases while the Kindles were being used. (Aff. Grube, ¶ 9).

In December of 2014, January of 2015 and February of 2015, Plaintiff's children used the Kindles

at home and also brought them to school and day-care. (Aff. Grube, ¶ 10). Plaintiff first noticed

credit card charges which she did not authorize when she reviewed her February 2015 billing

statement for her Amazon.com Store Card (hereinafter referred to as the "fraudulent charges").

(Aff. Grube, ¶ 11). The fraudulent charges amount to $2,574.87. (Aff. Grube, ¶ 12).

     Plaintiff later learned that the fraudulent charges were for purchases made while the

Kindles were being used. (Aff. Grube, ¶ 13). Most of the fraudulent charges were for in-app

purchases on the Kindles. (Aff. Grube, ¶ 14). Plaintiff never made any in-app purchases herself

and never authorized anyone else to make any in-app purchases on the Kindles. (Aff. Grube, ¶

15). Plaintiff does not know who made the purchases incurring the fraudulent charges. (Aff.

Grube, ¶ 16). Plaintiff did not personally use the Kindles and did not benefit in any way from the

purchases made in relation to the fraudulent charges. (Aff. Grube, ¶ 17). Plaintiff never made

purchases on her Amazon.com Store Card in excess of several hundreds of dollars a month. (Aff.

Grube, ¶ 18).

     After Plaintiff noticed the fraudulent charges in February 2015, she called Synchrony

Bank to notify it that she did not authorize the fraudulent charges ("February dispute"). (Aff.

Grube, ¶ 19). Synchrony removed the fraudulent charges from her account at that time. (Id.)

Plaintiff did not receive any written (or other) notifications from Amazon or Synchrony regarding

resolution of any investigation of fraudulent charges after her February dispute. (Aff. Grube, ¶

20). In June of 2015 Plaintiff again called Synchrony Bank about the fraudulent charges because

they had reappeared on her credit card billing statement. (Aff. Grube, ¶ 21). In August 2015,

Plaintiff received a letter from Synchrony Bank stating that it was not able to accept Plaintiff's

fraud claims because, according to Synchrony Bank, she had released her account information to

a third party. (Aff. Grube, ¶ 22). This was the first time she got anything in writing from

Synchrony or Amazon regarding her fraudulent charges dispute. (Id.) Plaintiff did not release her

account information to any third parties. (Aff. Grube, ¶ 23). Plaintiff continued contacting

Synchrony about the fraudulent charges multiple times throughout 2015 but Synchrony refused to

remove the charges from her account. (Aff. Grube, ¶ 24).

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine issue

as to any material fact." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322

(1986). In such instances, "the moving party is entitled to a judgment as a matter of law."

Celotex, 477 U.S. at 322.  Disputes concerning material facts are genuine where the evidence is

such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986). To overcome a motion for summary judgment, the non-

movant "may not rest upon the mere allegations or denials of his pleading, but his response, by

affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is

a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574,

586 n.11 (1986).

## **ARGUMENT**

"Congress enacted the credit card provisions of the Truth in Lending Act 'in large measure to protect credit cardholders from unauthorized use perpetrated by those able to obtain possession of a card from its original owner.'" DBI Architects, P.C. v. Am. Express Travel-Related Servs. Co., 388 F.3d 886, 889 (D.C. Cir. 2004) (citing Towers World Airways Inc. v. PHH Aviation Sys. Inc., 933 F.2d 174, 176 (2d Cir.1991)).

15 U.S.C. § 1643 provides that a cardholder is not liable[1] for the unauthorized use of a card. Congress defined "unauthorized use" as "a use of a credit card by a person other than the cardholder who does not have actual, implied, or apparent authority for such use and from which the cardholder receives no benefit." 15 U.S.C. § 1602(p); see Regulation Z, 12 C.F.R. § 226.12(b)(1). The Official Interpretations § 1026.12(b)(1) state that "Section 1026.12(b)(1)(i) defines unauthorized use in terms of whether the user has actual, implied, or apparent authority. Whether such authority exists must be determined under state or other applicable law."

Under New Hampshire law, "the necessary factual elements to establish agency involve: (1) authorization from the principal that the agent shall act for him or her; (2) the agent's consent to so act; and (3) the understanding that the principal is to exert some control over the agent's actions." Dent v. Exeter Hosp., Inc., 155 N.H. 787, 792 (2007) (internal citations omitted). "Express authority arises when the principal ... explicitly manifests its authorization of the actions of its agent." Bouffard v. State Farm Fire & Cas. Co., 162 N.H. 305, 311 (2011). "Implied authority, on the other hand, follows as a reasonable incident or construction of the terms of express authority, or results from acquiescence by the principal in a course of dealing by the agent." Id. at 311-312.

---

1 Under certain conditions, the cardholder may be liable up to $50.

Plaintiff never authorized anyone to make purchases while using the Kindles (Affidavit of Carrie Grube ¶¶ 9, 15), therefore, no express authority exists in this case. Plaintiff also never acquiesced to the purchases as evidenced by her disputing the charges when she first noticed them on the February 2015 billing statement and continuing to dispute them throughout 2015. (Affidavit of Carrie Grube ¶¶ 19, 21, 24).

"Like actual authority, a finding of apparent authority incorporates the three factual elements listed above and exists where the principal so conducts itself as to cause a third party to reasonably believe that the agent is authorized to act." Dent, 155 N.H. at 792 (internal citations omitted). New Hampshire's "three factual elements" do not exist here: Plaintiff never authorized anyone to make the fraudulent charges, no agent consented to act on her behalf, and she did not exert any control over agents' action because she does not even know who made the charges. (Affidavit of Carrie Grube ¶¶ 9, 15, 16). Furthermore, Plaintiff did not conduct herself in a way which would cause Defendants to reasonably believe that the agent was authorized to act because she never made any in-app purchases, never spent more than several hundred dollars a month on her credit card, and she notified Synchrony Bank as soon as she noticed the charges on her billing statement. (Affidavit of Carrie Grube ¶¶ 15, 18, 19).

Official Interpretations § 1026.12(b)(1)(ii) explain that "[a]n unauthorized use includes, but is not limited to, a transaction initiated by a person who has obtained the credit card from the consumer, or otherwise initiated the transaction, through fraud or robbery." Plaintiff did not authorize anyone to make purchases while using the Kindles and did not share her password with anyone, (Affidavit of Carrie Grube ¶¶ 6, 8, 9), therefore, the fraudulent charges were made through fraud.

Official Interpretations § 1026.12(b)(2)(iii) further explain that:

The cardholder may not be held liable under § 1026.12(b) when the card itself (or some other sufficient means of identification of the cardholder) is not presented. . . . For example, when merchandise is ordered by telephone or the Internet by a person without authority to do so, using a credit card account number by itself or with other information that appears on the card . . . no liability may be imposed on the cardholder.

The transactions resulting in fraudulent charges were made via internet without the use of the card itself. Plaintiff cannot he held liable for these charges.

Another component of the "unauthorized use" definition pursuant to 15 U.S.C. § 1602(p) is "cardholder receives no benefit." Here, Plaintiff did not personally use the Kindles and derived no benefit whatsoever from the fraudulent purchases. (Affidavit of Carrie Grube ¶ 17)

Plaintiff's permission for third parties (her children) to use the Kindles did not amount to authorization to make purchases while using the Kindles. The Court of Appeals for the Second Circuit reasoned that allowing someone to use a multiuse electronic devise does not create apparent authority for purchases. F.T.C. v. Verity Int'l, Ltd., 443 F.3d 48, 64 (2d Cir. 2006). The facts in Verity were as follows: When a computer user visited a website providing adult-entertainment, the website offered to download a "dialer program." Id. at 52. After the program was downloaded, and if the computer was connected by modem to a telephone line, the dialer program initiated an international call to a Madagascar phone number. Id. The call was then re-routed to an internet server in the United Kingdom and that internet server finalized the connection between the user's computer and the website providing the adult entertainment. Id. The charges for accessing the adult entertainment appeared on bills sent to consumers whose telephone lines were used. Id. The court found no apparent authority because entrusting someone with a multiuse electronic device does not equal to entrusting someone with a payment mechanism:

Here, in contrast, the computer is a multipurpose tool that is not primarily understood as a payment mechanism, and in the ordinary habits of human behavior, one does not reasonably infer that because a person is authorized to use a computer, the

subscriber to the telephone line connected to that computer has authorized the computer user to purchase online content on the subscriber's account. Apparent authority does not exist on these facts.

Id. at 64. Similarly, in this case, entrusting the children to use the Kindles, which can be used for a wide variety of purposes, did not amount to entrusting someone with a payment mechanism and no apparent authority to make purchases existed.

Furthermore, one element of apparent authority is the third party's reasonable belief that the agent was authorized to act on behalf of principal and that belief has to be traceable to the principal's manifestations. Restatement (Third) of Agency § 2.03. If the transaction falls outside of the usual pattern of the prior interactions between the parties, then the third party cannot have the reasonable belief and no apparent authority exists.  See Id., comments c, d. Plaintiff had never made in-app purchases before December 2014 – February 2015 period and she never spent more than several hundreds of dollars a month on her Amazon.com Store credit card. (Affidavit of Carrie Grube ¶¶ 15, 18). The fraudulent charges were made in the short time span, they were mostly in-app purchases, and they amounted to $ 2,574.87. (Affidavit of Carrie Grube ¶¶ 3, 10, 11, 14). Departure from a prior purchasing pattern shows lack apparent authority, which Synchrony Bank should have recognized and, thus, Synchrony Bank could not have reasonably believed that the fraudulent purchases were authorized.

## <u>CONCLUSION</u>

No genuine issues of material fact exist that the fraudulent charges were unauthorized. Synchrony Bank is liable for violation of 15 U.S.C. § 1643. Based on the foregoing, Plaintiff respectfully request that the Court grant her motion for partial summary judgment on liability.

Respectfully submitted,

**Carrie Grube**

By and through her attorneys:


**HARMAN LAW OFFICES**

Date:  May 8, 2017            By:    /s/Kristina Cerniauskaite_____
                                     Terrie Harman, NHB#1096
                                     Kristina Cerniauskaite, NHB#20613
                                     129 Water Street, PO Box 309
                                     Exeter, NH 03833
                                     (603) 431-0666


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 8, 2017 a copy of the foregoing document was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

                              By:    /s/Kristina Cerniauskaite_____
                                     Kristina Cerniauskaite, NHB#20613